_____ FILED    _____ ENTERED
_____ LODGED   _____ RECEIVED

Judge John C. Coughenour

**NOV 02 2016**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

NICHOLAS HOGAN,

Defendant.

NO. CR16-154JCC

**PLEA AGREEMENT**

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Bruce F. Miyake, Assistant United States Attorney for said District, Rose Gibson and Jared Fishman, Trial Attorneys for the Civil Rights Division, and NICHOLAS HOGAN, and his attorney, Wayne Fricke, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.     **Information**.  Defendant agrees to enter a plea of guilty to Deprivation of Rights Under Color of Law, 18 U.S.C. § 242, as alleged in the Information.

2.     **Dismissal of Indictment**.  The United States will make a motion to the court to dismiss the Indictment in *United States v. Hogan*, CR16-154JCC, at the time of

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   sentencing, if the United States Determines that the Defendant has fully complied with all

2   the obligations under this agreement.

3       3.      **The Charge**.  Defendant, having been advised of the right to have this

4   matter tried before a jury, agrees to waive that right and enters a plea of guilty to the of

5   Deprivation of Rights under Color of Law, in violation of  Title 18, United States Code,

6   Section 242.

7       By entering a plea of guilty, Defendant hereby waives all objections to the form of

8   the charging document.  Defendant further understands that before entering his guilty

9   plea, he will be placed under oath.  Any statement given by Defendant under oath may be

10  used by the United States in a prosecution for perjury or false statement.

11      4.      **Elements of the Offense.**  The elements of the offense of Deprivation of

12  Rights Under Color of Law, to which Defendant is pleading guilty are as follows:

13              First, the defendant acted under color of law;

14              Second, the defendant deprived an individual of a right guaranteed under

15              the Constitution or laws of the United States;

16              Third, the defendant acted willfully.

17      5.      **The Penalties**.  Defendant understands that the statutory penalties

18  applicable to the offense to which he is pleading guilty are as follows:  A maximum term

19  of imprisonment of up to one year, a fine of up to one hundred thousand dollars

20  ($100,000.00), a period of supervision following release from prison of up to one year,

21  and a mandatory special assessment of twenty-five dollars ($25.00).  If a probationary

22  sentence is imposed, the probation period can be for up to five (5) years.  Defendant

23  agrees that the special assessment shall be paid at or before the time of sentencing.

24      Defendant understands that supervised release is a period of time following

25  imprisonment during which he will be subject to certain restrictive conditions and

26  requirements.  Defendant further understands that if supervised release is imposed and he

27  violates one or more of the conditions or requirements, Defendant could be returned to

28

PLEA AGREEMENT/HOGAN - 2
CR16-154JCC

1  prison for all or part of the term of supervised release that was originally imposed. This

2  could result in Defendant's serving a total term of imprisonment greater than the statutory

3  maximum stated above.

4       Defendant understands that as a part of any sentence, in addition to any term of

5  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

6  restitution to any victim of the offense, as required by law.

7       Defendant agrees that any monetary penalty the Court imposes, including the

8  special assessment, fine, costs, or restitution, is due and payable immediately and further

9  agrees to submit a completed Financial Statement of Debtor form as requested by the

10  United States Attorney's Office.

11       6.    **Rights Waived by Pleading Guilty.** Defendant understands that by

12  pleading guilty, he knowingly and voluntarily waives the following rights:

13            a.    The right to plead not guilty and to persist in a plea of not guilty;

14            b.    The right to a speedy and public trial before a jury of his peers;

15            c.    The right to the effective assistance of counsel at trial, including, if

16                  Defendant could not afford an attorney, the right to have the Court

17                  appoint one for him;

18            d.    The right to be presumed innocent until guilt has been established

19                  beyond a reasonable doubt at trial;

20            e.    The right to confront and cross-examine witnesses against Defendant

21                  at trial;

22            f.    The right to compel or subpoena witnesses to appear on his behalf at

23                  trial;

24            g.    The right to testify or to remain silent at trial, at which trial such

25                  silence could not be used against Defendant; and

26            h.    The right to appeal a finding of guilt or any pretrial rulings.

27

28

PLEA AGREEMENT/HOGAN - 3
CR16-154JCC

1    7.    **Ultimate Sentence**. Defendant acknowledges that no one has promised or

2    guaranteed what sentence the Court will impose.

3    8.    **Restitution.** Defendant shall make restitution to M.S. in the amount to be

4    determined at the time of sentencing, with credit for any amounts already paid. Said

5    amount shall be due and payable immediately and shall be paid in accordance with a

6    schedule of payments as proposed by the United States Probation Office and ordered by

7    the Court.

8    9.    **Statement of Facts**. The parties agree on the following facts. Defendant

9    admits he is guilty of the charged offense or offenses:

10    a.    In May of 2011, NICHOLAS HOGAN was a commissioned police

11    officer with the Tukwila Police Department.

12    b.    On May 20, 2011, HOGAN was on duty as Tukwila Police Officer

13    when he responded to a call of a fight on the Pacific Highway, Tukwila, Washington. He
       contacted M.S. and arrested him on a misdemeanor warrant. Officer Hogan took M.S. to

14    the King County jail but the Jail would not accept him because of his injuries.

15    c.    HOGAN then took M.S. to Harborview Medical Center

16    (Harborview) for medical treatment. After arriving at Harborview, HOGAN ordered
       M.S. out of his patrol car. When M.S. refused, HOGAN grabbed M.S. in an attempt to

17    remove him from the car. M.S. clenched HOGAN's arm. HOGAN pulled his arm out of

18    the clench. M.S. turned toward HOGAN at which point, HOGAN kneed M.S. in the
       head multiple times. HOGAN then escorted the handcuffed M.S. into the emergency

19    room.

20

21    d.    After arriving in the emergency room, HOGAN and M.S. began
       arguing. M.S. called HOGAN names and threatened him. In response, HOGAN began

22    pushing the handcuffed M.S. He repeatedly shoved M.S., who was in handcuffs, down a
       hallway until M.S. fell. HOGAN then got on top of M.S. and held him down with a knee

23    in M.S.'s back.

24

25    e.    Harborview's security staff saw this altercation and believed the use
       of force was inappropriate. They offered to get a gurney so M.S. could be restrained.

26    HOGAN agreed and M.S. was put in four point restraints on a gurney.

27    f.    In these restraints, M.S. had limited movement including that he

28    could not lift his arms or legs.

PLEA AGREEMENT/HOGAN - 4
CR16-154JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

g.      M.S. was taken to the triage area of the emergency room and placed in a curtained bed area.  HOGAN accompanied M.S. to the bed area and remained in the curtained area.  He sat next to M.S. near his head.

h.      While alone in the curtained area, M.S., while still in restraints, told HOGAN he was going to sue him and called him names and sat up.  HOGAN sprayed the restrained M.S. in his eyes and face with Oleoresin Capsicum (OC) spray.  After spraying M.S., HOGAN sat back down.

i.      Harborview Security was alerted about the incident and responded.  One of the staff saw a distressed M.S. with his eyes watering and nose dripping.  M.S. asked for help.  The staff asked HOGAN what happened and he responded that M.S. got mouthy.

j.      Hogan knew the use of the OC spray was not necessary and therefore unreasonable under the circumstances.

10.     **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and any possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.      The Court will determine applicable Defendant's Sentencing Guidelines range at the time of sentencing;

PLEA AGREEMENT/HOGAN - 5
CR16-154JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        b.     After consideration of the Sentencing Guidelines and the factors in

2  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

3  maximum term authorized by law;

4        c.     The Court is not bound by any recommendation regarding the

5  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

6  range offered by the parties or the United States Probation Department, or by any

7  stipulations or agreements between the parties in this Plea Agreement; and

8        d.     Defendant may not withdraw his guilty plea solely because of the

9  sentence imposed by the Court.

10      11.    **Acceptance of Responsibility.**  At sentencing, *if* the district court

11  concludes Defendant qualifies for a downward adjustment acceptance for acceptance of

12  responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or

13  greater, the United States will make the motion necessary to permit the district court to

14  decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b),

15  because Defendant has assisted the United States by timely notifying the United States of

16  his intention to plead guilty, thereby permitting the United States to avoid preparing for

17  trial and permitting the Court to allocate its resources efficiently.

18      12.    **Recommendation.** The government agrees to recommend a guidelines

19  sentence.  Defendant understands, however, that the maximum sentence for the charged

20  offense is one year.  Defendant understands that this recommendation is not binding on

21  the District Court.  Defendant understands that he is not entitled to withdraw his plea of

22  guilty if the district court does not follow this recommendation.

23      13.    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

24  the United States Attorney's Office for the Western District of Washington agrees not to

25  prosecute Defendant for any additional offenses known to it as of the time of this

26  Agreement that are based upon evidence in its possession at this time and arise out of the

27  conduct giving rise to this investigation.  In this regard, Defendant recognizes the United

28

PLEA AGREEMENT/HOGAN - 6
CR16-154JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  States has agreed not to prosecute all of the criminal charges the evidence establishes

2  were committed by Defendant solely because of the promises made by Defendant in this

3  Agreement.  Defendant agrees, however, that for purposes of preparing the Presentence

4  Report, the United States Attorney's Office will provide the United States Probation

5  Office with evidence of all conduct committed by Defendant.

6        Defendant agrees that any charges to be dismissed before or at the time of

7  sentencing were substantially justified in light of the evidence available to the United

8  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

9  with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119

10  (1997).

11        14.   **Agreement Regarding Law Enforcement Commission and**

12  **Employment.**   As part of this agreement, Defendant agrees to resign his law

13  enforcement commission in any law enforcement agency, no later than the date of

14  sentencing.  Defendant further agrees not to seek reinstatement of any law enforcement

15  commission, or seek a new law enforcement commission, or seek employment in any law

16  enforcement agency or law enforcement related employment, including, but not limited

17  to any city, county, state, or federal policing or corrections positions, or that of a private

18  security guard, or any position that requires the carrying of a firearm, for a period of 15

19  years beginning from the date of this Plea Agreement. *This agreement does not preclude* ᵂ

20  *Mr. Hogan from working in the field of computer security or consulting.* NH

      15.   **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that if

21  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

22  Agreement and Defendant may be prosecuted for all offenses for which the United States

23  has evidence.  Defendant agrees not to oppose any steps taken by the United States to

24  nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

25  Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement,

26  Defendant has waived any objection to the re-institution of any charges in the Indictment

27  that were previously dismissed or any additional charges that had not been prosecuted.

28

PLEA AGREEMENT/HOGAN - 7
CR16-154JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant further understands that if, after the date of this Agreement, Defendant

2  should engage in illegal conduct, or conduct that violates any conditions of release or the

3  conditions of his confinement, (examples of which include, but are not limited to,

4  obstruction of justice, failure to appear for a court proceeding, criminal conduct while

5  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

6  Officer, Probation Officer, or Court), the United States is free under this Agreement to

7  file additional charges against Defendant or to seek a sentence that takes such conduct

8  into consideration by requesting the Court to apply additional adjustments or

9  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

10 advisory Guidelines range, and/or by seeking an upward departure or variance from the

11 calculated advisory Guidelines range.  Under these circumstances, the United States is

12 free to seek such adjustments, enhancements, departures, and/or variances even if

13 otherwise precluded by the terms of the plea agreement.

14     16.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**

15 Defendant acknowledges that by entering the guilty plea required by this plea agreement,

16 Defendant waives all rights to appeal from his conviction and any pretrial rulings of the

17 court.  Defendant further agrees that, provided the court imposes a custodial sentence that

18 is within or below the Sentencing Guidelines range (or the statutory mandatory

19 minimum, if greater than the Guidelines range) as determined by the court at the time of

20 sentencing, Defendant waives to the full extent of the law:

21     a.    Any right conferred by Title 18, United States Code, Section 3742,

22 to challenge, on direct appeal, the sentence imposed by the court, including any fine,

23 restitution order, probation or supervised release conditions, or forfeiture order (if

24 applicable); and

25     b.    Any right to bring a collateral attack against the conviction and

26 sentence, including any restitution order imposed, except as it may relate to the

27 effectiveness of legal representation; and

28

PLEA AGREEMENT/HOGAN - 8
CR16-154JCC

1    This waiver does not preclude Defendant from bringing an appropriate motion

2  pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the

3  decisions of the Bureau of Prisons regarding the execution of his sentence.

4    If Defendant breaches this Plea Agreement at any time by appealing or collaterally

5  attacking (except as to effectiveness of legal representation) the conviction or sentence in

6  any way, the United States may prosecute Defendant for any counts, including those with

7  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

8  Agreement.

9    17.    **Voluntariness of Plea**.  Defendant agrees that he has entered into this Plea

10 Agreement freely and voluntarily and that no threats or promises, other than the promises

11 contained in this Plea Agreement, were made to induce Defendant to enter his plea of

12 guilty.

13    18.    **Statute of Limitations**.  In the event this Agreement is not accepted by the

14 Court for any reason, or Defendant has breached any of the terms of this Plea Agreement,

15 the statute of limitations shall be deemed to have been tolled from the date of the Plea

16 Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea

17 Agreement by the Court; or (2) thirty (30) days following the date on which a breach of

18 the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

19    19.    **Completeness of Agreement**.  The United States and Defendant

20 acknowledge that these terms constitute the entire Plea Agreement between the parties.

21 This Agreement binds only the United States Attorney's Office for the Western District

22 of Washington.  It does not bind any other United States Attorney's Office or any other

23 \\

24 \\

25 \\

26 \\

27 \\

28

PLEA AGREEMENT/HOGAN - 9
CR16-154JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE
5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

office or agency of the United States, or any state or local prosecutor.

Dated this _2_ day of _November_, 2016


NICHOLAS HOGAN
Defendant


WAYNE FRICKE
Attorney for Defendant


TODD GREENBERG
Assistant United States Attorney


BRUCE F. MIYAKE
Assistant United States Attorney


ROSE GIBSON
Trial Attorney, Civil Rights Division


JARED FISHMAN
Special Litigation Counsel
Civil Rights Division

PLEA AGREEMENT/HOGAN - 10
CR16-154JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970