Judge John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS HOGAN,<br><br>Defendant. | NO. CR16-154JCC<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

## I.   INTRODUCTION

The defendant, Nicholas Hogan, pleaded guilty to one count of Deprivation of Rights Under Color of Law in violation of 18 U.S.C. § 242, for using excessive force against a restrained arrestee.  Hogan is scheduled for sentencing on March 21, 2017.  The government recommends that this Court sentence Hogan to 12 months of incarceration followed by 1 year of supervised release with the standard and special conditions recommended by United States Probation.

## II.   FACTS

On May 21, 2011, Nicholas Hogan was working as a commissioned police officer for the Tukwila Police Department.  Hogan responded to a report of a fight in the area of Pacific Highway, in Tukwila, Washington.  There, Hogan contacted M.S., and took him into custody.  Officer Hogan took M.S. to the King County Jail, but the jail would not

GOVERNMENT'S SENTENCING MEMORANDUM/HOGAN
CR16-154JCC - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

admit M.S. because he had a facial injury. Hogan then transported M.S. to the Harborview Medical Center (Harborview).

After arriving at Harborview, Hogan ordered M.S., who was handcuffed, out of the patrol car. M.S. refused. As a result, Hogan grabbed M.S. and M.S. clenched Hogan's arm. M.S. turned toward Hogan, and Hogan kneed M.S. in the head multiple times. Hogan took M.S. into the emergency room and M.S. called Hogan names. Hogan, in full view of Harborview Security and a Washington State Trooper, began to push M.S. with two hands down the hall until M.S. fell to the ground. Hogan got on top of M.S. and put his knee in M.S.'s back. Harborview Security and a Washington State Trooper witnessed this and stepped forward to intervene. The Washington State Trooper asked Hogan if he needed assistance. Hogan replied, "Can I get a gurney for this f_cking monkey?" Harborview Security then put M.S. in four-point restraints and secured him to a hospital gurney.

Eventually, M.S. was taken to triage and placed in an area that was partially curtained off from other persons. While Hogan and M.S. were alone in the curtained area, M.S. threatened to sue Hogan. Hogan sprayed M.S. in the eyes, mouth, and face with Oleoresin Capsicum (OC) spray. After spraying M.S., Hogan did not assist M.S. with wiping his face to clear his eyes of the OC spray. Instead, Hogan sat down near M.S. who was handcuffed and unable to wipe the OC spray from his eyes. Harborview Security entered the room and observed Hogan calmly drinking water. M.S. had teary, red, swollen eyes and snot running down his face. When Harborview Security asked Hogan what happened, Hogan explained that M.S. had gotten "mouthy" so he sprayed him.

### III.  PLEA AGREEMENT

The defendant pleaded guilty to Deprivation of Rights Under Color of Law as set forth in an information on November 2, 2016. In the plea agreement, the Government agreed to recommend a sentence within the Sentencing Guidelines. The defendant agreed to resign any law enforcement commission and agreed that he would neither seek

GOVERNMENT'S SENTENCING MEMORANDUM/HOGAN
CR16-154JCC - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

reinstatement of any law enforcement commission, nor seek law enforcement related employment or any position that would require him to carry a firearm for a period of 15 years. Defendant agreed to abide by the terms of the plea agreement. There are no other agreements related to the potential sentence in this case.

### IV. SENTENCING GUIDELINES

United States Probation has calculated the defendant's sentencing guideline range to be 18 to 24 months. However, the statutorily authorized maximum sentence of 1 year is less than the minimum of the applicable guidelines range. Therefore, the guideline term of imprisonment is 12 months. USSG § 5G1.1(a). This is based upon the following calculation:

| | |
|---|---|
| Base offense level (USSG § 2H1.1(a)(3)) | 10 |
| Specific Offense Characteristic (USSG § 2H1.1(b)(1)) | 6 |
| Victim Related Adjustment (USSG § 3A1.3) | 2 |
| Less: Acceptance of Responsibility (USSG § 3E1.1) | - 3 |
| Total offense level | 15 |

There is no dispute regarding defendant's guidelines range.

### V. RECOMMENDATION

The government recommends this Court sentence the defendant to 12 months of incarceration followed by 1 year of supervised release. The government believes that under the circumstances this recommendation is sufficient but not more than necessary.

The defendant's conduct cuts to the very heart of our criminal justice system. If the community cannot rely upon police officers to obey the law, the community will lose faith in the very institutions designed to protect it. This defendant abused his position of authority and committed a violent crime against a person in his custody. He committed this violent crime while dressed in uniform and carrying police-issued weapons. Adding to the egregiousness of this particular crime is the fact that the victim was restrained and therefore defenseless when the defendant used excessive force. The Sentencing Commission recognized the seriousness of this conduct and therefore imposed specific

GOVERNMENT'S SENTENCING MEMORANDUM/HOGAN
CR16-154JCC - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

enhancements in situations such as this one. See USSG § 2H1.1(b)(1) (creating a six-level enhancement when the offense is committed under color of law); USSG § 3A1.3 (creating a two-level enhancement when the offense is committed against a restrained victim).

In this case, the defendant's guidelines range is 18 to 24 months. However, because the defendant pleaded guilty to a misdemeanor, the statutory maximum sentence is therefore 12 months of incarceration. USSG § 5G1.1 (a). The misdemeanor plea offer in this case has already provided the defendant with a substantial benefit by reducing his potential maximum sentence by 12 months. A 12-month prison sentence is an appropriate sentence that will serve the goals set forth in Section 3553(a).

### A. The 12-month sentence adequately addresses the nature and circumstances of the offense.

The defendant used a police-issued weapon to inflict pain upon a restrained and therefore defenseless arrestee. The defendant claims this incident was the result of a split second error in judgment. This minimizes the extent of the defendant's misconduct. The defendant made several conscious decisions over a period of time that culminated in his unlawful use of OC spray against the restrained arrestee.

According to one witnesses, the defendant appeared angry when he began pushing the restrained arrestee. Witnesses observed the defendant pushing the restrained arrestee until the arrestee fell onto the ground. Harborview Security and a Washington State Trooper witnessed this, and out of concern for the person in defendant's custody, attempted to intervene. When a Washington State Trooper offered assistance, the defendant said, "Can I get a gurney for this f_cking monkey?" The pushing and the use of this racial slur are evidence of the fact that defendant was not using force for any legitimate law enforcement purpose but instead was acting out of anger.

Harborview Security secured the defendant's arrestee to a hospital gurney using 4-point restraints. Video evidence provided by the hospital shows the defendant standing

GOVERNMENT'S SENTENCING MEMORANDUM/HOGAN
CR16-154JCC - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

near the arrestee as he was secured to the gurney. Approximately sixteen minutes later, the arrestee was moved to the triage area. This should have given the defendant an opportunity to calm down. Instead, the defendant followed the arrestee to a semi-secluded area. It was there, out of view of others, where the defendant used force to punish the arrestee. The defendant waited until no one else was around and then used a police-issued weapon to punish the arrestee for being "mouthy." Because the arrestee was restrained, he was unable to wipe the OC spray from his eyes or mouth. The defendant did nothing to assist him but instead allowed the restrained arrestee to sit in pain until hospital staff responded. A 12-month sentence is appropriate here because of the egregious nature of the defendant's conduct.

**B. The 12-month sentence is appropriate given the characteristics of this defendant.**

This defendant does not have a criminal history and he was working as a law enforcement officer at the time he committed this crime. In addition, this crime took place over five years ago. During his presentence interview, defendant described this incident as a split-second decision. The defendant will likely argue that these factors indicate he is unlikely to reoffend and thus the Court should depart from the Sentencing Guidelines. Respectfully, we disagree.

The characteristics of this defendant support rather than mitigate a 12-month prison sentence. The defendant's decision to use excessive force on this day was not the result of a momentary lapse in judgment. Prior to the instant offense, fellow officers and supervisors had attempted to counsel this defendant regarding his tendency to use more force than might have been necessary and to escalate situations. The defendant, however, did not heed any of their warnings. One fellow officer described the defendant as a "loose cannon." PSR ¶ 53-56 (uncontested Pre-Sentence Report regarding complaints, use of force, and supervisory attempts at intervention). The fact that defendant had been previously counseled regarding this conduct adds to the egregiousness of his decision to

GOVERNMENT'S SENTENCING MEMORANDUM/HOGAN
CR16-154JCC - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

use force in order to punish the restrained victim in this case. Simply put, the defendant's excessive use of force in this case was not the result of a momentary lapse in judgment—it was part of a pattern.

Defendant's pattern of poor behavior continued even after he was terminated from the Tukwila Police Department in 2012. In 2014, defendant joined the Snoqualmie Police Department. There, officers described the defendant as "difficult to train, abrasive to citizens, discourteous to fellow officers . . . heavy handed, disrespectful, and inappropriate to members of the public and to his fellow officers." PSR ¶ 50.

While the defendant has not been charged with or convicted of any other crimes since 2012, the PSR reveals that his pattern of conduct started before and continued after the instant offense. The specific characteristics of this defendant therefore support rather than mitigate the need for a 12-month sentence.

**C. The 12-month sentence will promote respect for the law.**

The Sentencing Guidelines make it clear that an officer who violates the law while working in his official capacity should expect and should receive a greater punishment. Additionally, the Sentencing Commission recognized that committing an act of violence against a person who cannot defend himself is particularly egregious. In this case, the defendant both abused his authority and victimized a restrained person in his custody. The appropriate sentence in this case is therefore 12 months of incarceration.

A departure from these guidelines would fail to promote respect for the law as it may be interpreted as a statement that the justice system applies a more lenient standard to law enforcement officers than it does to civilians. *See United States v. Winters*, 174 F.3d 478, 485-86 (5th Cir. 1999) (rejecting a downward departure solely on the basis of the defendant's status as a police officer and recognizing that neither Congress nor the Sentencing Commission intended to favor law enforcement officers).

The impact of this officer's conduct stretched far beyond the victim in this case. His conduct undermined the community's respect for the law and for the vast majority of law enforcement officers who obey the law and protect the community. When a police officer

GOVERNMENT'S SENTENCING MEMORANDUM/HOGAN
CR16-154JCC - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

abuses someone in his custody, his conduct calls into question the integrity of the criminal justice system. A Guideline Sentence in this case shows that no one is above the law.

## VI.   CONCLUSION

Based on the foregoing, the government respectfully requests this Court sentence the defendant to 12 months of incarceration followed by one year of supervised release.

DATED this 14th day of March, 2017.

    *s/Bruce F. Miyake*
BRUCE F.MIYAKE
Assistant United States Attorney
United States Attorney's Office
Western District of Washington
Telephone: 206/553-2077
Email:  bruce.miyake@usdoj.gov


    *s/Rose E. Gibson*
ROSE E. GIBSON
Trial Attorney
United States Department of Justice
Civil Rights Division
Telephone: 202/616-4571
Email: rose.gibson@usdoj.gov


    *s/Jared Fishman*
JARED FISHMAN
Special Litigation Counsel
United States Department of Justice
Civil Rights Division
Email: jared.fishman@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM/HOGAN
CR16-154JCC - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s).

                    s/ Jacqueline Masonic
                    JACQUELINE MASONIC
                    Supervisory Legal Admin Specialist
                    United States Attorney's Office
                    700 Stewart Street, Suite 5220
                    Seattle, Washington 98101-1271
                    Phone: (206) 553-4644
                    FAX:   (206) 553-2502
                    E-mail: Jackie.Masonic@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM/HOGAN
CR16-154JCC - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970