1

HONORABLE JUDGE JOHN C. COUGHENOUR

2

3

4

5

6

7
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9
UNITED STATES OF AMERICA,

10
          Plaintiff,

Case No.: CR16-0154 JCC

11
   vs.

12
NICHOLAS HOGAN,

DEFENDANT'S SENTENCING
MEMORANDUM

13
        Defendant.

14

## STATEMENT OF FACTS

15

16
     Mr. Nicholas Hogan comes before the court for sentencing after having plead guilty to

17
a single count of the misdemeanor charge of unlawful use of force. The indictment in this case

18
is based on conduct that occurred almost five years earlier and almost six years prior to the

19
sentencing that is to occur before this court. The indictment was filed after Mr. Hogan was

20
terminated by the Tukwilla Police Department for the very conduct at issue here—a

21
termination that occurred several years ago.  It was filed after Mr. Hogan gainfully sought and

22

23
was readmitted into the law enforcement fraternity with the City of Snoqualmie. It was filed

24
to, in essence, get him out of that very same law enforcement fraternity, notwithstanding that

25
the same conduct for which he was terminated from Tukwilla, was something that was not

26
occurring in his new position. It resulted in the desired result the government sought to

27

DEFENDANT'S SENTENCING MEMORANDUM - 1

achieve—the termination from his position as a police officer in Snoqualmie. Now the government and the presentence reporter seek to penalize him a third time for long ago conduct, by interfering with his college education and his ability to become employed in a new career path. The defense can only ask, "For what purpose?" Indeed what can possibly be the reason to penalize Mr. Hogan for long ago conduct three separate times? In this regard, the defense is requesting no additional penalties. Mr. Hogan has suffered enough and any incarceration/prohibitions simply amounts to "piling on".

The presentence reporter is recommending a sentence of 6 months in prison, in addition to other penalties, including restitution. The government is recommending 12 months in prison.

## **ARGUMENT**

As a starting point, the court is to determine the proper guideline calculation for each charge and then to impose a sentence sufficient to accomplish justice in any particular case. As the Ninth Circuit has noted, "[t]he overarching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (citing 18 U.S.C. sec 3553(a) & (a)(2)). There is no disagreement to the correct guidelines calculation in this case.

However, the guidelines calculation is merely a starting point, but it is only the initial benchmark and nothing more. And, as everyone is aware, the statutory maximum penalty for this crime is one year in jail. In that regard, the court should not presume that the Guidelines range is reasonable, but only that it is a single factor for the court to consider when fashioning

DEFENDANT'S SENTENCING MEMORANDUM - 2

HESTER LAW GROUP, INC., P.S.
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441

an appropriate sentence. 520 F.3d at 991. So too, the application of the statutory maximum should not control in this case. What the court should give great weight to in this case is the fact that all of the factors the court is to consider for purposes of sentencing weigh in favor of a sentence that does not include any jail time.

I.   **THE COURT SHOULD NOT IMPOSE ANY ADDITIONAL PENALTIES ON MR. HOGAN BECAUSE THE STATUTORY FACTORS ALL WEIGH IN FAVOR OF IMPOSING NO ADDITIONAL PUNISHMENT.**

Great consideration should be given to granting a variance below the range. As the court is aware, sentencing has changed dramatically since the United States Supreme Court decided United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). It is now no more than a mere beginning in determining the appropriate sentence. Here, the presentence reporter has indicated that a variance is warranted in this case.

> A "departure" is typically a change from the final sentencing range computed by examining the provisions of the Guidelines themselves. It is frequently triggered by a prosecution request to reward cooperation...or by other factors that take the case "outside the heartland" contemplated by the Sentencing Commission when it drafted the Guidelines for a typical offense. A "variance," by contrast, occurs when a judge imposes a sentence above or below the otherwise properly calculated final sentencing range based on application of the other statutory factors in 18 U.S.C. sec 3553(a).

United States v. Rangel, 697 F.3d 795, 801 (9th Cir. 2012).

The factors to be considered for a variance are set forth in 18 U.S.C. sec 3553 include:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense,

(B)   to afford adequate deterrence to criminal conduct;

(C)   to protect the public from further crimes of the defendant;

DEFENDANT'S SENTENCING MEMORANDUM - 3

HESTER LAW GROUP, INC., P.S.
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441

(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner:

(3)   the kinds of sentences available;

...

(6)   the need to avoid sentencing disparities among defendants with similar records who have been found guilty of similar conduct:

(7)   the need to provide victims with restitution.

The defense appreciates the presentence reporter's acknowledgement that Mr. Hogan's lack of criminal history and age as a basis for a potential downward variance and the fact that he voluntarily returned money prior to the prosecution of this case is a basis for a departure, but believes other factors also weigh in favor of a variance/departure. Before even considering other factors that weigh in favor of a variance, the court can certainly find that the guidelines themselves support a departure below the applicable guidelines.

    i.    *The nature and circumstances of the offense and the history and characteristics of Mr. Hogan weigh in favor of no additional penalties.*

The first factor to consider is the nature and circumstance of the offense and history and characteristics of Mr. Hogan.  The victim of the offense has not responded to any inquiry regarding his thoughts in this matter, so it is difficult to gauge the pain and suffering the government suggests that he suffered at the time of the occurrence. However, the government's assertion that Mr. Hogan committed the act because he was being "mouthy" is, quite simply, false. Additionally, Mr. Hogan has consistently denied that he referred to the victim as a "monkey" or any other derogatory term. There was never any suggestion in the initial investigation some five years ago that those words were ever stated. It was only after the federal government became involved, that it is alleged that those words were stated.

What is true, is that it was an error in judgment and unnecessary, but no more egregious than similar cases involving a plea to this misdemeanor charge.

DEFENDANT'S SENTENCING MEMORANDUM - 4

HESTER LAW GROUP, INC., P.S.
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441

1   The history and characteristics of Mr. Hogan is another matter. The government and

2   the presentence investigator, in making their recommendations, rely in part on a letter signed

3   by various officers who describe Mr. Hogan as "difficult to train, abrasive to citizens,

4   discourteous to fellow officers…heavy handed, disrespectful, and inappropriate to members of

5   the public and to his fellow officers." Gov't brief at 6; PSR paragraph 50.  However, the court

6   should not give this statement much weight.  It appears to have been made in the context of the

7   discipline that Mr. Hogan received in relation to his personal failings involving the wife of a

8   fellow officer and where the officers were attempting to support their colleague.

9   A more accurate description of Mr. Hogan is set forth in several emails that are part of

10  his personal file—documents that the government possess, but ignores, when it presents its

11  argument—emails which completely contradict the statement above.  For instance, on June 8,

12  2015, the Chief of the Police Department commended Mr. Hogan for "a job well done" after

13  receiving an email from a member of the public, who stated:

> …I'm writing you in regards to a call I placed to your department on Sunday,May 31st.
> I called because I was having problems with my 13 year old son. I was not in any
> danger but the lady on the phone said she would send someone over. I was very
> conflicted and not sure what to expect. The officer that arrived, officer Hogan I think,
> was AMAZING! He took the time to talk with my son and said a lot of the things I say
> to him but I feel coming from a police officer may have made more of an impact. I just
> really want to express my gratitude and hope you can pass along to officer Hogan what
> an amazing job he did! I feel preventive measures with young teens/kids/adults is an
> important as the daily job you do on the streets and he was wonderful! So thank you
> again and just know your department is doing a great job.

See Attachment "A".

Nor was this the exception to the public's comments. On February 26, 2015, the Chief

emailed Mr. Hogan to praise him for his interaction with Encompass school and telling him to

"[k]eep up the great work!"  That comment was in response to an email from the Executive

Director of Encompass, stating:

DEFENDANT'S SENTENCING MEMORANDUM - 5

HESTER LAW GROUP, INC., P.S.
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441

I wanted to let you know about a wonderful experience we had yesterday with one of your fine officers, Nick Hogan. Nick was parked in the empty Encompass lot yesterday morning, doing some administrative stuff a little before 8 am. We were closed and only a couple of people were here, but I wanted to check and make sure we didn't have any trouble at Encompass and I offered him a tour. He came in, had a mini tour, but when I said it's a lot more fun to tour Encompass when the preschool is in session he said he would come back! He came back as planned at 10:00am, met all the morning preschoolers who were SO EXCITED to meet him and ask him a bunch of questions. It was so wonderful. The kids and staff loved it!!!

I was so impressed by how polite, kind and interested he was. I wanted you to know what a great example Nick showed of engaging with the community and building relationships.

See Attachment "B".

These types of statements from the public certainly seem to contradict the letter relied upon by the government that describe him as heavy handed, disrespectful, and inappropriate to members of the public. These statements could also be why the Chief, on January 10, 2015 emailed Mr. Hogan and two of his colleagues, stating, "Want to praise you guys for working so well as a team. You guys make my job easy." See Attachment "C". Or, as was communicated to the Seattle Times after Mr. Hogan entered his plea in this matter, that "…he was an exemplary officer until he was suspended for having an affair…" See Attachment "D".

Those comments hardly describe an individual who was a problem within the Snoqualmie Police Department. Nor do the comments made by the Chief of Police on December 20, 2014 where he emailed Mr. Hogan and his colleagues, stating: "Good job being proactive". See Attachment "E". Finally, if there was any question that Mr. Hogan was a liability in his role as a police officer when these charges were pursued, it is put to rest when Chief Almquist stated on October 13, 2014:

Thank you for your continued professionalism with our community!

You are truly an asset to this agency!

DEFENDANT'S SENTENCING MEMORANDUM - 6

1    See Attachment "F".

2    While the government believes these comments support the negative description it is

3    providing to the court, the defense would suggest that not only does it describe the exact

4    opposite, it demonstrates that Mr. Hogan was a better officer five years after the occurrence

5    which brings us here today and the community is the one that has suffered because of the late

6    filing of this indictment. There is no need for any additional punishment. The government got

7    what it wanted, which was to remove an officer from the street based on his past and not on

8    

9    the person he is in the present.

10       ii.    *There is no compelling need to incarcerate to incarcerate Mr. Hogan for any*

11              *period of time.*

12    The second factor the court is to consider pursuant to the statutory factors is the need

13    for the sentence imposed.  In considering this factor, the court is to give a sentence that reflects

14    the seriousness of the offense, while promoting respect for the law and to provide just

15    punishment.  Along with this, the court is to fashion a sentence that protects the public from

16    further crimes and provides the defendant with any needed training or care in the most

17    effective manner. The government's position is that a sentence is warranted because a

18    "departure from these guidelines would fail to promote respect for the law as it may be

19    interpreted as a statement that the justice system applies a more lenient standard to law

20    enforcement officers than it does to civilians. Gov't brief at 6.

21    

22    The fact of the matter is that Mr. Hogan is charged precisely because he was an officer.

23    A civilian would not be charged. Mr. Hogan is not asking for leniency because he is an officer.

24    

25    He is asking for a just sentence which takes into consideration the lapse in time in bringing this

26    case to prosecution, his prior penalties that he has received as a result of the conduct at issue

27    here and the fact that his record demonstrates a changed police officer—one that the

DEFENDANT'S SENTENCING MEMORANDUM - 7

HESTER LAW GROUP, INC., P.S.
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441

community of Snoqualmie praised for his behavior. There is no indication that his past conduct impacted the community in any way. In fact, by bringing this charge, the government brought it back to the public's knowledge. There is simply no reason to punish Mr. Hogan a third time for conduct that has already been punished previously.

    iii. *A punishment without incarceration will reflect the seriousness of the offense, promote respect for the law, and provide just punishment.*

  It is the court's ultimate responsibility to determine what is a just sentence in any given case. In determining where this factor lies in the scheme of sentencing, it is done in the context of the need for the sentence imposed. The defense submits that under the facts of this case—meaning the facts of the underlying conviction, as well as the time that has gone by and the prior penalties that he has faced, in addition to Mr. Hogan's rehabilitation outside of the court system, the need for a sentence of incarceration is minimal at best. It is one thing to sentence an individual for conduct that is stopped because of the prosecution and quite another to sentence an individual for past conduct that had already ceased several years prior to the filing of an indictment.

  At this stage, it becomes nothing more than retribution, with very little goal of promoting respect for the law and/or providing just punishment. Indeed, Mr. Hogan is seeking an education and doing very well in school. Now the government seeks to put him in prison and take that away from him. In essence, the government blindly seeks to destroy him and cripple him for the rest of his life. Mr. Hogan requests that the court not allow this to happen and, notwithstanding his conviction, acknowledge that he has been punished enough. This factor weighs in favor of a lesser sentence.

    iv. *A sentence of incarceration will not aid in deterring criminal conduct.*

DEFENDANT'S SENTENCING MEMORANDUM - 8

HESTER LAW GROUP, INC., P.S.
1008 So. Yakima Ave., Suite 302
Tacoma, WA 98405
(253) 272-2157 / Fax: (253) 572-1441

As mentioned above, any basis of sentencing Mr. Hogan to a term of incarceration will have no impact in deterring criminal conduct.

v. *Incarceration is not needed to protect the public from further crimes by Mr. Hogan.*

Pursuant to 18 U.S.C. § 3553(a)(2)(B) and (C), one of the considerations is to protect the public from further crimes of the defendant and to deter future criminal conduct. Mr. Hogan has agreed not to seek employment as a police officer. Under the facts of this case, it appears that this factor weighs quite heavily in favor of a reduced sentence for Mr. Hogan.

## **CONCLUSION**

Based on the files and records herein, Mr. Hogan respectfully requests that the court not impose any penalties other than a small fine. Under the circumstances of this case, taking into consideration the delayed prosecution and Mr. Hogan's life circumstances, this sentence would serve the interests of justice.

RESPECTFULLY SUBMITTED this 15th day of March, 2017.

HESTER LAW GROUP, INC. P.S.
Attorneys for Defendant

By:   _____
       Wayne C. Fricke, WSB #16550

DEFENDANT'S SENTENCING MEMORANDUM - 9

CERTIFICATE OF SERVICE

I hereby certify that on March 15th, 2017, I electronically filed the foregoing Defendant's

Sentencing Memorandum with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following:

> Bruce F. Miyake
> Assistant United States Attorney
> 700 Stewart Street, Suite 5220
> Seattle, WA 98101-1271
>
> Rose E. Gibson
> Trial Attorney / Criminal Section / Civil Rights Division
> 950 Pennsylvania Avenue NW
> Washington, DC  20530

I hereby certify that on March 15th, 2017, I mailed Defendant's Sentencing Memorandum

to the following:

> Nick Hogan
> 13805 172nd Pl East
> South Hill, WA 98374

DATED this 15th day of March, 2017.

Sarah H. Leighton

DEFENDANT'S SENTENCING MEMORANDUM - 10

**Steve McCulley**

| | |
|---|---|
| **From:** | Steve McCulley |
| **Sent:** | Monday, June 08, 2015 7:13 PM |
| **To:** | Nick Hogan |
| **Cc:** | Nick Almquist |
| **Subject:** | Fwd: A Big Thanks |

Officer Hogan,

Thank you for another job well done!

Chief McCulley

Sent from my Verizon Wireless 4G LTE smartphone

-------- Original message --------
From: Steve McCulley <SMcCulley@ci.snoqualmie.wa.us>
Date: 06/08/2015 7:11 PM (GMT-08:00)
To: Laura <ljodahl@aol.com>
Subject: RE: A Big Thanks

Ms. Sroufe,

It is very meaningful when a resident takes the time to provide such positive feedback on contact with an officer.  I am very pleased you felt comfortable to call our office for assistance and that Officer Hogan was able to help.

I will be sure to pass on your very kind comments to Officer Hogan.

Steven D. McCulley
Chief of Police

Sent from my Verizon Wireless 4G LTE smartphone

-------- Original message --------
From: Laura <ljodahl@aol.com>
Date: 06/08/2015 6:49 PM (GMT-08:00)
To: Steve McCulley <SMcCulley@ci.snoqualmie.wa.us>
Subject: A Big Thanks

Hello Chief McCulley-
My name is Laura Sroufe, I'm writing you in regards to a call I placed to your department on Sunday May 31st. I called because I was having problems with my 13 year old son. I was not in any danger but the lady on the phone said she would send someone over. I was very conflicted and not sure what to expect. The officer that arrived, officer Hogen I think?, was AMAZING! He took the time to talk

1


EXHIBIT
A

with my son and said a lot of the things I say to him but I feel coming from a police officer may have made more of an impact. I just really want to express my gratitude and hope you can pass along to officer Hogen what an amazing job he did! I feel preventive measures with young teens/ kids/ adults is as important as the daily job you do on the streets and he was wonderful! So thank you again and just know your department is doing a great job:)

Sincerely , Laura Sroufe
Sent from my iPhone

2

GAR_003530

**Nick Almquist**

| | |
|---|---|
| **From:** | Steve McCulley |
| **Sent:** | Thursday, February 26, 2015 9:13 AM |
| **To:** | Nick Hogan |
| **Cc:** | Nick Almquist |
| **Subject:** | FW: Thank you! |

Officer Hogan,

This is outstanding feedback.  Thank you for taking the time to engage with the kids and staff at Children Services.  Both of my daughters attended pre-school there when it was called Encompass and while at the WSP I visited the school twice a year for about 10 years to give safety talks and patrol car ride around the parking lot.  They are a great organization and provide very valuable services to children and families in our Valley.

Keep up the great work!

Chief McCulley

**From:** Nela Cumming [mailto:nela.cumming@encompassnw.org]
**Sent:** Thursday, February 26, 2015 8:59 AM
**To:** Steve McCulley
**Subject:** Thank you!

Steve,

I wanted to let you know about a wonderful experience we had yesterday with one of your fine officers, Nick Hogan.  Nick was parked in the empty Encompass lot yesterday morning, doing some administrative stuff a little before 8 am.  We were closed and only a couple of people were here, but I wanted to check and make sure we didn't have any trouble at Encompass so I approached him and introduced myself.  He explained what he was doing and that we were okay ☺.  He asked about Encompass and I offered him a tour.  He came in, had a mini tour, but when I said it's a lot more fun to tour Encompass when the preschool is in session he said he would come back!  He came back as planned at 10:00 am, met all the morning preschoolers who were SO EXCITED to meet him and ask him a bunch of questions.  It was so wonderful.  The kids and staff loved it!!!

I was so impressed by how polite, kind and interested he was.  I wanted you to know what a great example Nick showed of engaging with the community and building relationships.

You all are doing a fine job keeping us safe and I personally am so grateful.

Nela

**Nela Cumming • Executive Director**
Encompass
1407 Boalch Ave NW
North Bend, Washington 98045
425.888.2777, Ext. 1214

1



EXHIBIT
B

GAR_003531

**Nick Almquist**

| | |
|---|---|
| **From:** | Nick Hogan |
| **Sent:** | Saturday, January 10, 2015 5:09 AM |
| **To:** | Nick Almquist |
| **Subject:** | Re: Today |

Thank you sir

**From:** Nick Almquist
**Sent:** Friday, January 9, 2015 3:23 PM
**To:** Sean Absher; Nick Hogan; Craig Miller
**Subject:** Today

Want to praise you guys for working so well as a team.

You guys make my job easy.

Nick

Captain Nick Almquist
Snoqualmie Police Department
Cell   425-999-1522
Desk. 425-831-4360

Sent from Windows Phone

1



EXHIBIT
C

GAR_003533

Case 2:16-cr-00154-JCC   Document 36   Filed 03/15/17   Page 15 of 21





Rated "Exceptionally Well Qualified" by the King County Bar Association

Experienced Judge Pro Tem and Accomplished Trial Attorney

Endorsed by Over 35 Sitting Judges   Endorsed by *The Seattle Times*   Paid for by Committee to Elect Newman Judge



**Crime**

# Ex-Tukwila cop pleads guilty to lesser charge for pepper-spraying handcuffed patient



Originally published November 2, 2016 at 6:00 am *Updated November 2, 2016 at 11:11 am*



Former Snoqualmie Police Officer Nick Hogan (Snoqualmie Police Department)



EXHIBIT
D





**The incident at Harborview Medical Center led to Nick Hogan's dismissal from the Tukwila Police Department. He was later hired by the Snoqualmie Police Department despite a history of using excessive force.**

By Mike Carter

*Seattle Times staff reporter*

A former Tukwila police officer indicted on a felony charge of pepper-spraying a patient who was handcuffed to a gurney at Harborview Medical Center pleaded guilty Wednesday to a misdemeanor charge in U.S. District Court in Seattle.

Nick Hogan pleaded guilty to a single count of deprivation of rights under color of law, which carries a penalty of up to a year in jail, a fine of up to $100,000 and a year of supervision.



U.S. Magistrate Judge Mary Alice Theiler, who accepted the plea, said Hogan will be sentenced by U.S. District Judge John Coughenour on Jan. 27.

Hogan was indicted by a federal grand jury in May over the incident, which occurred in 2011. The incident led to Hogan's dismissal from the Tukwila Police Department in 2012.

**Featured Video**



Play Video

Patrolling the streets while the city sleeps *(3:18)*

## Most Read Stories

1    State Sen. Andy Hill dies of lung cancer

2    Marshawn Lynch back in Seahawks' locker room --- but just to visit

3   New email discovery raises question: What did Abedin know?  ◾ WATCH

4   Huskies ranked No. 5 in season's first College Football Playoff rankings

5   9th child hospitalized with mysterious, polio-like illness

Unlimited Digital Access. $1 for 4 weeks.

Hogan, 35, faced up to 10 years in prison and a $250,000 fine if he had been convicted of the single felony count, which alleged he violated his victim's civil rights while acting under the color of law.

The plea agreement provides that Hogan could receive consideration on his sentence for accepting responsibility for his crime. The plea agreement also says he will pay as-yet-to-be-determined restitution to the victim.

In addition, Hogan will resign his law-enforcement commission for at least 15 years, meaning he can no longer be a police officer, and he is barred from seeking work in the private-security field where Assistant US. Attorney Bruce Miyake said he might "have control or authority over someone else." He also cannot hold a job where he has to carry a firearm.

Hired by Tukwila in 2009, Hogan was sued twice in federal court for using excessive force. Those lawsuits cost the city more than $425,000 in out-of-court settlements and fees.

He was fired in 2012 after an investigation into the Harborview incident concluded that he had used unreasonable and excessive force on the suspect.

In addition to using pepper spray on the restrained suspect in the Harborview emergency room, Hogan admitted to delivering three "knee-strikes" to the handcuffed man's head while he was trying to remove him from the back seat of his patrol car, according to more than 1,000 pages of internal investigation documents on Hogan obtained by The Seattle Times.



He was hired in 2013 by the Snoqualmie Police Department despite his history of using excessive force. Snoqualmie said he was an exemplary officer until he was suspended for having an affair with another officer's wife.

According to published reports, he was fired by the city of Snoqualmie last summer.

*Mike Carter: mcarter@seattletimes.com or 206-464-3706. Information from Seattle Times archives is included in this story.*

## Email Newsletter Sign-up

Custom-curated news highlights, delivered weekday mornings.

| email address | Sign up |

By signing up you are agreeing to our Privacy Policy and Terms of Service.

💬 View 11 Comments

> Next Story

## Nick Almquist

| | |
|---|---|
| **From:** | Nick Hogan |
| **Sent:** | Saturday, December 20, 2014 10:25 PM |
| **To:** | Nick Almquist |
| **Subject:** | Re: Dui Task Force |

Thank you sir!

**From:** Nick Almquist
**Sent:** Saturday, December 20, 2014 9:42 PM
**To:** Dmitriy Vladis; Nick Hogan
**Cc:** Jason Weiss; Steve McCulley
**Subject:** Dui Task Force

Good job being proactive!!

Captain Nick Almquist
Snoqualmie Police Department
Cell   425-999-1522
Desk. 425-831-4360

Sent from Windows Phone

1



GAR_003535

## Nick Almquist

| | |
|---|---|
| **From:** | Nick Almquist |
| **Sent:** | Monday, October 13, 2014 4:41 PM |
| **To:** | Londie Lundell (LLINDELL@NORTHBENDWA.GOV); Ken Hearing |
| **Cc:** | Steve McCulley; Dmitriy Vladis; Nick Hogan; Christopher Werre |
| **Subject:** | Atta-Boy |
| **Attachments:** | SKMBT_C45214101316290.pdf |

Officers Vladis, Hogan and Werre....

Thank you for your continued professionalism with our community!

You are truly an asset to this agency!

NICK

**From:** Mail Relay - Do Not Reply
**Sent:** Monday, October 13, 2014 9:29 AM
**To:** Jodi Duran; Nick Almquist
**Subject:** Message from KMBT_C452

1

